IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'26 AUG 12 PM3:14

SECRETARY OF THE TREASURY ET AL.

CHAHTA OKLA NANIH FOKA HOMMA TRUST, a trust organized under the laws of the State of Wyoming on behalf of the indigenous Tribe known as Chahta Okla Nanih Foka Homma;

Adebayo Adeyemi ex rel. DAVID N. EDMONDSON, JR.;

Petitioner,

v.

UNITED STATES OF AMERICA;

STATE OF MARYLAND;

U.S. BANK NATIONAL ASSOCIATION;

and ALL OTHER UNKNOWN PERSONS, GOVERNMENT AGENCIES, BENEFICIARIES, TRUSTEES, CREDITORS, CLAIMANTS, AND PERSONS OR ENTITIES CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, CLAIM, DEMAND, SECURITY INTEREST, BENEFICIAL INTEREST, POSSESSORY INTEREST, OR OTHER INTEREST IN THE SUBJECT REAL ESTATE,

Defendants.

Civil Action No. JRR 2 6 CV 0 3 1 8 1

**NOTICE OF FILING: VERIFIED PETITION AND COMPLAINT BILL TO QUIET TITLE**

**AGAINST ALL THE WHOLE WORLD PURSUANT TO THE QUIET TITLE ACT OF 1972;**

**COMPLAINT FOR DECLARATORY JUDGMENT; COMPLAINT FOR EQUITABLE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

ACCOUNTING; COMPLAINT FOR EQUITABLE REDEMPTION; COMPLAINT FOR RESCISSION; COMPLAINT FOR CANCELLATION OF INSTRUMENTS; COMPLAINT FOR CONSTRUCTIVE TRUST; COMPLAINT FOR EQUITABLE ESTOPPEL; COMPLAINT FOR ANCILLARY EQUITABLE RELIEF; APPLICATION FOR TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; APPLICATION FOR PERMANENT INJUNCTION; APPLICATION FOR PRESERVATION OF EVIDENCE; AND NOTICE OF DISCLOSURE OF PARTIES AND PERSONS OR ENTITIES CLAIMING OR POTENTIALLY CLAIMING AN INTEREST IN THE SUBJECT PROPERTY

Petitioners respectfully file this Verified Petition and Complaint and allege as follows:

I. Preliminary Statement

This is an action in equity to quiet title, determine adverse claims, obtain declaratory relief, obtain an equitable accounting, preserve evidence, determine redemption rights, and adjudicate all legal, equitable, beneficial, possessory, contractual, statutory, regulatory, fiduciary, trust, lien, security, and other interests claimed in or against the real estate described as: All that lot(s) of ground situate in Baltimore City, Maryland, described as follows that is to say: BEING KNOWN AND DESIGNATED as Lot Number Eight (8) as shown on the Plat of the Libra Land Company, which Plat is recorded among the Land Records of Baltimore, in Plat Book J.W.S. No. 2, folio 353; the improvements thereon being known as 3100 Rueckert Avenue, Baltimore, Maryland 21214; being the same property which by deed dated November 24, 2015, and recorded among the Land Records of Baltimore City, Maryland in December 8, 2015, in Liber 17710, in CRESCENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

DEVELOPMENT ENTERPRISES, LLC, the Grantor herein; together with the buildings and improvements thereon erected, made or being; and all and every, the rights, alleys, ways, waters, privileges, appurtenances and advantages thereto belonging, or in anywise appertaining, referred to in this Petition as the "Estate" and or "Property".

Petitioners allege that competing claims, recorded instruments, alleged mortgage interests, alleged servicing interests, federal housing interests, state regulatory interests, and unknown claimant interests cloud the Estate and require a complete judicial determination.

Petitioners further allege that the Estate is unique, that title and possession cannot be adequately remedied by money damages alone, and that equity requires preservation of the status quo while the Court determines the parties' respective rights.

II. Jurisdiction and Venue

Petitioners invoke this Court's jurisdiction under 28 U.S.C. § 1346(f), 28 U.S.C. § 2409a, 28 U.S.C. § 2410, 28 U.S.C. § 2201, the Court's supplemental jurisdiction, and the Court's inherent equitable powers.

Petitioners allege that the United States, its agencies, federal instrumentalities, federal conservators, federally chartered corporations, or persons acting under federal authority claim, may claim, or have not disclaimed interests affecting the Estate.

Petitioners allege that jurisdiction also exists because this action seeks a judicial determination of title and related interests in real estate where federal interests have

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

been asserted or may be asserted.

Venue is proper in the District of Maryland because the Estate is situated in the City of Baltimore, Baltimore County, Maryland.

III. NOTICE OF DISCLOSURE OF PARTIES AND PERSONS OR ENTITIES CLAIMING OR POTENTIALLY CLAIMING AN INTEREST IN THE SUBJECT PROPERTY

Petitioners identify the following named Defendants as known persons and entities whose records, actions, participation, asserted interests, or official responsibilities may bear upon the matters alleged herein and whose participation may assist the Court in achieving a complete adjudication of the rights and interests affecting the Estate.

The following persons and entities are identified and named Defendants based upon their participation in, administration of, or documented involvement with proceedings concerning the Estate, including proceedings in the United States Bankruptcy Court for the District of Maryland, as reflected in the records and exhibits available to Petitioners. Petitioners do not allege that each identified person or entity presently possesses a legal or beneficial interest in the Estate unless such interest is later established by competent evidence.

Known interested persons and entities include, without limitation:

1. THE UNITED STATES OF AMERICA, through the Secretary of Housing and Urban Development.

2. THE UNITED STATES OF AMERICA, through the Federal Housing Finance Agency.

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

3. THE UNITED STATES OF AMERICA, through the UNITED STATES BANKRUPTCY

COURT DISTRICT OF MARYLAND.

4. SCOTT TURNER, in his official capacity as Secretary of Housing and Urban

Development.

5. WILLIAM J. PULTE, in his official capacity as Director of the Federal Housing

Finance Agency.

6. THE STATE OF MARYLAND through the UNITED STATES BANKRUPTCY COURT

DISTRICT OF MARYLAND.

7. THE STATE OF MARYLAND is identified or implicated in the subject Purchase

Money Deed of Trust by virtue of the official acts, certifications, acknowledgments,

attestations, or signatures of persons identified therein as Maryland Certified

Notaries Public and/or attorneys. Petitioner therefore alleges that the State of

Maryland may claim or assert an interest, authority, or official legal relationship

arising from or reflected in the execution, acknowledgment, certification,

recording, or authentication of the instrument, the precise nature and extent of

which Petitioner seeks to have judicially determined.

8. FAIRWAY INDEPENDENT MORTGAGE CORPORATION claims, or claimed, an

interest in the Subject Property by virtue of its status as the original lender and

creditor identified in the Purchase Money Deed of Trust, which instrument

purports to secure the indebtedness owed to Fairway by a lien, deed of trust, or

other security interest in the Subject Property.

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

9. CYNTHIA PORTERFIELD claims or is identified as holding an interest in the Subject Property in her capacity as Trustee under the Purchase Money Deed of Trust. The instrument identifies Defendant CYNTHIA PORTERFIELD as Trustee and purports to confer upon the Trustee such legal title, power of sale, lien-related authority, fiduciary authority, or other interest as may be provided by the instrument and applicable law. Petitioner disputes the validity, extent, enforceability, and/or present existence of any such interest.

10. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") claims or is identified as having an interest in the Subject Property by virtue of its designation in the Purchase Money Deed of Trust as nominee for FAIRWAY INDEPENDENT MORTGAGE CORPORATION and for the lender's successors and assigns. The instrument purports to confer upon MERS such nominee, record-title, beneficiary, lien-related, or other authority or interest as provided therein and under applicable law. Petitioner disputes the validity, extent, enforceability, and/or present existence of any interest asserted by MERS.

11. U.S. BANK NATIONAL ASSOCIATION claims an interest in the indebtedness and, derivatively or by assignment, claims an interest in the security instrument encumbering the Subject Property by virtue of its alleged purchase, acquisition, assignment, or other succession to the loan originated by FAIRWAY INDEPENDENT MORTGAGE CORPORATION. To the extent U.S. BANK NATIONAL ASSOCIATION claims that the acquisition of the loan carried with it the

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

corresponding deed-of-trust lien, security interest, beneficial interest, or other interest in the Subject Property, Petitioner disputes and seeks judicial determination of the validity, priority, extent, and enforceability of such claimed interest.

12. U.S. BANK HOME MORTGAGE claims or may claim an interest or legal relationship concerning the Subject Property by virtue of its alleged servicing of the mortgage loan for U.S. BANK NATIONAL ASSOCIATION. To the extent U.S. BANK HOME MORTGAGE asserts any beneficial, contractual, servicing, agency, payment, escrow, enforcement, lien-related, or other interest arising from its servicing of the loan, Petitioner disputes the nature, extent, validity, and enforceability of any such claimed interest.

13. U.S. BANCORP, a Delaware corporation and the parent company of U.S. BANK NATIONAL ASSOCIATION, claims or may claim an interest in the Subject Property by virtue of its ownership and control relationship with U.S. BANK NATIONAL ASSOCIATION. Upon information and belief, U.S. BANCORP is the corporate parent of U.S. BANK NATIONAL ASSOCIATION, which is a wholly owned subsidiary of U.S. BANCORP. To the extent U.S. BANCORP asserts that its ownership or control of U.S. BANK NATIONAL ASSOCIATION gives rise to any direct, indirect, beneficial, derivative, contractual, security, lien, or other interest in the Subject Property or in the indebtedness secured thereby, Petitioner disputes the nature, extent, validity, priority, and enforceability of any such claimed interest and seeks a judicial determination thereof.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

14. The United States Trustee Program, whose officials participated in the administration of the bankruptcy proceedings concerning the Estate in District of Maryland Bankruptcy Case No. 25-18564.

15. Jeanette Rice, in her official capacity as Assistant United States Trustee for Region 4, whose office administered responsibilities assigned under the Bankruptcy Code in connection with District of Maryland Bankruptcy Case No. 25-18564.

16. The Honorable David E. Rice, Chief United States Bankruptcy Judge, in his official capacity, has an administrative responsibility for the operation of the United States Bankruptcy Court District of Maryland pursuant to applicable law.

17. The Honorable Michelle M. Harner, United States Bankruptcy Judge, in her official capacity — Federal Officer through whom the United States asserts the claimed interest, whose judicial orders and proceedings form part of the procedural history concerning the Estate in District of Maryland Bankruptcy Case No. 25-18564.

18. Brian A. Tucci, Chapter 13 Trustee, who administered the bankruptcy estate pursuant to appointment by the United States Trustee in District of Maryland Bankruptcy Case No. 25-18564.

19. Mark A. Neal, Clerk of the United States Bankruptcy Court for the District of Maryland, whose office maintained the official records District of Maryland Bankruptcy Case No. 25-18564.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

20. Chahta Okla Nanih Foka Homma claims an interest by virtue of Petitioner's tribal membership.

21. MARLOW A. HENDERSON III, an attorney representing DAVID N. EDMONDSON, JR. in District of Maryland Bankruptcy Case No. 25-18564, claims or asserts an interest in the Subject Estate by virtue of his representation of DAVID N. EDMONDSON, JR. and his participation in the administration and/or disposition of matters concerning the Subject Estate. To the extent MARLOW A. HENDERSON III asserts any attorney's lien, charging lien, statutory lien, contractual right, contingent interest, fee interest, equitable interest, or other legal or beneficial interest in the Subject Estate or in property constituting part of the Subject Estate, Petitioner disputes the nature, validity, priority, extent, and enforceability of any such claimed interest and seeks a judicial determination thereof.

22. LAW OFFICE OF MARLOW A. HENDERSON III, the purported law-office name under which MARLOW A. HENDERSON III allegedly conducted, or caused to be conducted, legal representation and filed documents in the District of Maryland Bankruptcy Case No. 25-18564. Upon information and belief, no corporation, limited liability company, partnership, or other registered business entity, nor any registered trade name or assumed name, bearing the designation "LAW OFFICE OF MARLOW A. HENDERSON III" appears in the records of the Maryland Secretary of State. Accordingly, the legal status and capacity of the entity, if any, operating or holding itself out under that designation are presently disputed and are alleged

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

herein only to the extent that the name appears on pleadings, correspondence, court filings, or other documents relevant to the claims and issues presented.

23. CHETAN GOPAL, ESQUIRE (MD Fed. Bar No. 31096), whose name appears in District of Maryland Bankruptcy Case No. 25-18564 as counsel representing movant U.S. BANK NATIONAL ASSOCIATION, claims or may claim an interest in the Subject Estate and the Estate's associated real property by virtue of his representation of U.S. BANK NATIONAL ASSOCIATION and his participation in proceedings concerning the Estate and/or the Subject Property. To the extent CHETAN GOPAL, ESQUIRE claims or may claim any attorney's lien, charging lien, statutory lien, contractual right, right to compensation, equitable interest, security interest, or other legal or beneficial interest arising from or relating to such representation, Petitioner disputes the nature, validity, priority, extent, and enforceability of any such claimed interest and seeks a judicial determination thereof.

24. ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC, the law firm identified as employing or otherwise associating with CHETAN GOPAL, ESQUIRE (MD Fed. Bar No. 31096), who appears in District of Maryland Bankruptcy Case No. 25-18564 as counsel for U.S. BANK NATIONAL ASSOCIATION, claims or may claim an interest in the Subject Estate and the Estate's associated real property to the extent the firm asserts any attorney's lien, charging lien, statutory lien, contractual right, right to compensation, equitable interest, security interest, or

Notice #62022180-1044

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

other legal or beneficial interest arising from or relating to the firm's representation of U.S. BANK NATIONAL ASSOCIATION and/or the services performed by CHETAN GOPAL, ESQUIRE in connection with the Bankruptcy Proceedings. Petitioner disputes the nature, validity, priority, extent, and enforceability of any such claimed interest and seeks a judicial determination thereof.

25. BUREAU OF REVENUE COLLECTIONS for the CITY OF BALTIMORE, STATE OF MARYLAND.

26. WOLTERS KLUWER FINANCIAL SERVICES, INC., formerly associated with Bankers Systems, is identified on the subject mortgage/deed-of-trust instrument as the publisher/provider of the standardized FHA security-instrument form bearing form identifier "VMP4N(MD)(2011).00." Upon information and belief, the identifier denotes a Maryland-specific version of the standardized form supplied by Bankers Systems/Wolters Kluwer. Petitioner therefore alleges that Wolters Kluwer has an interest in, or legal relationship to, the standardized form and its use, publication, licensing, or reproduction, but does not allege solely from the form identifier that Wolters Kluwer holds title to, or a lien or other substantive interest in, the subject real property.

27. All unknown persons, governmental agencies, beneficiaries, trustees, creditors, claimants, successors, assigns, lienholders, servicers, custodians of records, or other persons or entities claiming, administering, possessing, recording, or asserting any legal, equitable, beneficial, possessory, contractual, statutory,

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

regulatory, fiduciary, trust, lien, security, or other interest affecting the Estate, whose

identities are presently unknown and who will be identified through discovery or

further proceedings.

Petitioner respectfully requests that each person or entity determined by the Court to

possess information or records material to the issues presented preserve all relevant

documents and electronically stored information pending further order of the Court.

## IV. GENERAL FACTUAL ALLEGATIONS

1. Petitioner incorporates by reference all preceding allegations as though fully set forth herein.

2. Petitioner is the owner in possession of the real property and all rights, title, interests, estates, appurtenances, improvements, and beneficial interests associated therewith (collectively, the "Property").

3. Petitioner asserts a present, valid, exclusive, and superior ownership interest in the Property and is presently entitled to possession, use, enjoyment, control, and quiet enjoyment of the Property.

4. Petitioner denies that any person, natural or juridical, governmental entity, agency, instrumentality, trustee, beneficiary, lender, creditor, servicer, mortgagee, assignee, purchaser, claimant, or other entity, other than Petitioner, possesses any valid legal, equitable, beneficial, possessory, contractual, statutory, regulatory, fiduciary, trust, lien, security, mortgage, encumbrance, or other interest in or

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

against the Property.

5. Petitioner specifically denies the existence, validity, enforceability, priority, perfection, attachment, continuation, or legal effect of any purported deed, mortgage, deed of trust, security instrument, lien, judgment, financing statement, assignment, endorsement, allonge, conveyance, notice, claim, declaration, affidavit, certificate, foreclosure instrument, tax claim, governmental claim, or other instrument purporting to create, establish, recognize, preserve, transfer, encumber, or enforce an interest adverse to Petitioner's ownership of the Property.

6. Petitioner denies that any purported debt, obligation, promissory note, loan, account, indebtedness, or other monetary obligation constitutes a valid or enforceable encumbrance against the Property.

7. Petitioner denies that any person or entity other than Petitioner has established a valid chain of title, chain of assignment, chain of ownership, or other legally sufficient basis establishing an adverse interest in the Property.

8. Petitioner denies that any person or entity has authority to sell, convey, transfer, encumber, foreclose upon, repossess, take possession of, or otherwise exercise dominion or control over the Property adverse to Petitioner.

9. Petitioner denies that any purported default, acceleration, demand, notice, declaration of default, foreclosure proceeding, sale, conveyance, transfer, or other enforcement action creates or establishes any valid adverse interest in the Property.

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

10. Petitioner denies the validity and legal effect of any purported lien or encumbrance that has not been lawfully created, perfected, recorded, maintained, and enforced in accordance with applicable law.

11. Petitioner denies that any purported instrument affecting the Property is entitled to recognition or enforcement to the extent that the instrument is invalid, unauthorized, unsupported by competent evidence, extinguished, satisfied, released, cancelled, void, voidable, unenforceable, or otherwise ineffective.

12. Petitioner denies that any governmental entity, agency, officer, employee, instrumentality, or other public body has established a valid ownership interest, lien, security interest, claim, or other adverse interest in the Property.

13. Petitioner denies that any private person or entity has established a valid ownership interest, lien, security interest, claim, or other adverse interest in the Property.

14. Petitioner denies that any purported assignment, transfer, endorsement, conveyance, servicing arrangement, custodial arrangement, beneficial ownership arrangement, or other transaction involving the Property created a valid interest adverse to Petitioner.

15. Petitioner denies that any purported creditor, mortgagee, lender, servicer, investor, beneficiary, trustee, assignee, purchaser, or other claimant is entitled to enforce any alleged obligation against the Property.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

16. Petitioner denies that any person or entity is entitled to claim proceeds, rents, profits, insurance proceeds, appreciation, equity, beneficial interests, possessory rights, or other benefits arising from ownership or control of the Property adverse to Petitioner.

17. Petitioner further denies that any person or entity has produced, or can produce, competent and admissible evidence sufficient to establish a superior right, title, lien, encumbrance, or other legally enforceable interest in the Property.

18. To the extent any Defendant claims an interest in the Property, Petitioner demands that such Defendant identify with particularity the precise nature of the claimed interest, the legal and factual basis for that claim, the date on which the claimed interest allegedly arose, and every instrument or other document upon which the claim depends.

19. Petitioner alleges that the complete and accurate determination of title requires identification and adjudication of every adverse claim asserted against the Property.

20. Petitioner denies every allegation, claim, lien, encumbrance, security interest, ownership interest, possessory interest, beneficial interest, or other adverse interest not expressly admitted herein.

21. Petitioner alleges that no person or entity other than Petitioner has established a superior right, title, interest, lien, encumbrance, or claim against the Property.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

22. Petitioner therefore seeks a complete judicial determination that Petitioner's ownership and possessory rights are superior to every adverse claim asserted or capable of being asserted against the Property.

## V. COUNT I: QUIET TITLE AGAINST ALL DEFENDANTS

23. Petitioner incorporates all preceding paragraphs.

24. Petitioner seeks a complete judicial determination of all legal, equitable, beneficial, possessory, contractual, statutory, regulatory, fiduciary, trust, lien, security, ownership, and other interests claimed or purportedly claimed in or against the Property.

25. Petitioner alleges that any claim by a Defendant to an interest in the Property is adverse to Petitioner's asserted ownership and right of possession.

26. Petitioner requests that each Defendant be required to identify with particularity every interest it claims in or against the Property, including the legal and factual basis for such claim and all documents upon which such claim depends.

27. Petitioner requests that the Court determine the validity, priority, extent, enforceability, perfection, and legal effect of every claimed adverse interest.

28. Petitioner requests that the Court remove every cloud upon Petitioner's title and declare any unsupported, invalid, extinguished, satisfied, released, void, voidable, unenforceable, or otherwise legally ineffective claim against the Property to be without force or effect.

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

29. Petitioner further requests that the Court declare Petitioner the lawful owner of the Property and that Petitioner's title and possessory rights are superior to all adverse claims asserted by Defendants.

## VI. COUNT II: DECLARATORY JUDGMENT

30. Petitioner incorporates all preceding paragraphs.

31. An actual controversy exists concerning whether any person or entity other than Petitioner possesses a legally cognizable interest in the Property.

32. The controversy includes the identity of any person or entity claiming an interest in the Property, the nature and extent of each claimed interest, the priority of competing interests, and the validity and enforceability of every instrument or transaction alleged to create an adverse interest.

33. Petitioner requests a declaration establishing that Petitioner possesses the superior right, title, ownership, possession, use, enjoyment, and control of the Property.

34. Petitioner further requests a declaration that no Defendant possesses any valid adverse ownership interest, lien, mortgage, security interest, encumbrance, beneficial interest, possessory interest, or other legally enforceable claim against the Property unless and until such interest is established by competent evidence and adjudicated by the Court.

35. To the extent any governmental entity or public authority claims an interest in the

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Property, Petitioner requests that such entity identify the precise nature and legal basis of the claimed interest.

36. If any governmental entity or other claimant does not possess a valid interest in the Property, Petitioner requests appropriate declaratory relief establishing that no such adverse interest exists.

## VII. COUNT III: EQUITABLE ACCOUNTING

37. Petitioner incorporates all preceding paragraphs.

38. To the extent any Defendant claims that any financial transaction, payment, obligation, account, lien, security interest, or other monetary relationship affects the Property, Petitioner requests a complete accounting of all such transactions.

39. The accounting shall identify, to the extent applicable, every alleged principal balance, interest charge, payment, credit, debit, adjustment, fee, escrow transaction, advance, reimbursement, insurance payment, recovery, refund, charge-off, transfer, assignment, servicing transaction, or other financial transaction asserted to affect the Property.

40. Each transaction shall, to the extent applicable, identify the date, amount, source, recipient, purpose, authority, accounting treatment, and supporting documentation.

41. Petitioner requests that the Court retain jurisdiction over the accounting until the accounting is complete and all disputes concerning the accounting have been resolved.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

## VIII. COUNT IV: EQUITABLE REDEMPTION

42. Petitioner incorporates all preceding paragraphs.

43. Petitioner denies that any Defendant possesses a valid right to foreclose upon, sell, transfer, redeem, possess, or otherwise affect the Property adversely to Petitioner.

44. To the extent the Court determines that any legally cognizable adverse interest exists, Petitioner requests a judicial determination of every redemption, reinstatement, cure, equitable, statutory, or other right available to Petitioner.

45. Petitioner requests that no sale, transfer, foreclosure, confirmation, conveyance, possession change, title transfer, or other title-altering event occur until all applicable rights and defenses have been judicially determined.

## IX. COUNT V: RESCISSION, CANCELLATION, OR REFORMATION OF INSTRUMENTS

46. Petitioner incorporates all preceding paragraphs.

47. The legal effect and enforceability of any instrument purporting to affect the Property are disputed.

48. Petitioner requests cancellation, rescission, reformation, discharge, or other appropriate equitable relief as to any instrument determined to be void, voidable, unauthorized, extinguished, satisfied, released, fraudulent, unsupported by competent evidence, or otherwise legally ineffective.

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

49. Petitioner requests that no instrument purporting to affect Petitioner's title be given legal effect unless its validity and enforceability are established by competent evidence.

## X. COUNT VI: CONSTRUCTIVE TRUST

50. Petitioner incorporates all preceding paragraphs.

51. To the extent any Defendant has obtained or retained funds, documents, proceeds, insurance recoveries, escrow funds, credits, payments, benefits, records, property, or other assets relating to the Property under circumstances making such retention inequitable, Petitioner alleges that equitable relief is appropriate.

52. Petitioner requests imposition of a constructive trust over any property, funds, proceeds, records, benefits, or other assets that the evidence establishes are subject to such equitable relief.

## XI. COUNT VII: EQUITABLE ESTOPPEL

53. Petitioner incorporates all preceding paragraphs.

54. Petitioner alleges that any Defendant may be equitably estopped from asserting an adverse interest in the Property to the extent the evidence establishes inconsistent positions, concealment of material facts, failure to disclose material information, misrepresentation of authority, defective notice, or other conduct upon which equitable estoppel may properly be imposed.

55. Petitioner requests that the Court determine whether any Defendant should be

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

estopped from asserting any ownership claim, lien, security interest, foreclosure right, possessory claim, accounting position, or other adverse interest in the Property.

## XII. COUNT VIII: PRESERVATION OF EVIDENCE AND ELECTRONICALLY STORED INFORMATION

56. Petitioner incorporates all preceding paragraphs.

57. Relevant evidence may include recorded instruments, title records, transaction records, payment histories, accounting records, correspondence, notices, electronic databases, audit logs, metadata, internal communications, imaging systems, custodial records, governmental records, and all other documents or electronically stored information relating to any claimed interest in the Property.

58. Petitioner requests an order requiring each Defendant to preserve all documents and electronically stored information relating to the Property and any claim asserted against it.

59. Petitioner requests that no Defendant destroy, delete, overwrite, alter, conceal, redact, purge, dispose of, or otherwise modify potentially relevant evidence pending further order of the Court.

## XIII. APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

60. Petitioner incorporates all preceding paragraphs.

61. Petitioner requests temporary, preliminary, and permanent equitable relief

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

preserving the status quo while the Court determines the parties' competing claims.

62. Petitioner alleges that acts affecting the Property could occur before the Court adjudicates the merits, including sale, transfer, foreclosure, eviction, lockout, issuance of a deed, recording of an adverse instrument, alteration of title, destruction of records, or other conduct materially affecting Petitioner's ownership or possession.

63. Petitioner therefore requests that Defendants be prohibited, pending further order of the Court, from selling, transferring, encumbering, foreclosing upon, evicting Petitioner from, taking possession of, recording an adverse conveyance concerning, altering title to, or otherwise materially affecting the Property or Petitioner's ownership and possessory rights.

64. Petitioner requests that any preliminary or permanent injunction be appropriately tailored to preserve the status quo, prevent irreparable injury, and preserve the Court's ability to grant meaningful final relief.

## XIV. MOTION TO ESTABLISH CASE MANAGEMENT AND DISCOVERY PROTOCOL

65. Petitioner requests an early case-management order providing for:

a. Initial identification of all persons and entities claiming any interest in the Property;

b. Early production of all documents supporting any claimed ownership interest, lien, encumbrance, security interest, possessory interest, or other adverse claim;

c. Preservation of electronically stored information;

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

d. Identification of custodians of relevant records;

e. Identification of databases containing information relating to the Property or any

adverse claim;

f. A procedure for obtaining any necessary accounting;

g. A procedure for resolving disputes concerning privileged materials, electronically

stored information, confidential records, and governmental records; and

h. Such additional scheduling and case-management provisions as the Court determines

appropriate.

## XV. NOTICE OF ACCEPTANCE AND DEMAND FOR PERFORMANCE

66. Petitioner gives notice that every Defendant claiming any interest in the Property

should examine its records and determine the precise nature and extent of the

alleged interest.

67. Petitioner demands that each Defendant:

a. Identify every legal, equitable, beneficial, possessory, contractual, statutory, regulatory,

fiduciary, trust, lien, security, ownership, or other interest claimed in or against the

Property;

b. Identify every document supporting such claim;

c. Identify every governmental or private authorization upon which such claim relies;

d. Identify every assignment, transfer, endorsement, conveyance, servicing agreement,

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

custodial document, contractual instrument, or other transaction supporting such claim;

e. Preserve all documents and electronically stored information relating to the Property;

f. Refrain from destroying, altering, concealing, deleting, purging, or disposing of potentially relevant evidence; and

g. Cooperate in good faith with lawful discovery and all orders entered by the Court.

68. Petitioner expressly denies every claim to the Property made by any person or entity other than Petitioner.

69. Petitioner expressly denies that any Defendant possesses any valid right, title, lien, encumbrance, security interest, mortgage interest, beneficial interest, possessory interest, or other legally enforceable interest in or against the Property.

70. Petitioner requests that the Court enter judgment confirming Petitioner's ownership and possession of the Property and determining that all adverse claims not established by competent evidence are invalid, unenforceable, extinguished, subordinate, or otherwise without legal effect.

71. Petitioner reserves all rights, claims, defenses, remedies, and causes of action available under applicable law and equity.

## XVI. NOTICE OF STATUS AND CLARIFICATION OF NON-CORPORATE CAPACITY

Let the record be made straight.  We appear specially in equity and not generally in this matter as living local nationals known by the names reflected on the docket, and not as artificial beings, juridical constructs, or incorporated bodies. We are not created by

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

charter, statute, or registration, nor do we derive existence from articles, bylaws, or franchises of the state.

We have no parent corporations.

Any presumption of corporate character arises not from fact, but from silence, and silence, once broken by truth, has no further force.  This notice is given in good faith, to align the record with reality, so that form may not obscure substance, and administrative convenience may not eclipse truth.  Equity regards the persons before the court as they are, not as they are mistakenly classified. Where no corporation exists, none can be disclosed. Where no conflict exists, none can be reported.  Accordingly, this notice stands as a plain declaration of status, offered so the record may speak accurately and no false inference persist by default.

## XVII. Prayer for Relief

WHEREFORE, Petitioner respectfully requests that the Court:

A. Assume jurisdiction over this action.

B. Determine every legal, equitable, beneficial, possessory, contractual, statutory, regulatory, fiduciary, trust, lien, security, and other interest claimed in the Estate.

C. Require every Defendant to identify with particularity each claimed interest and the legal and factual basis for that claim.

D. Quiet title to the Estate in favor of the party or parties determined by the Court to hold lawful title.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

E. Declare invalid, unenforceable, extinguished, satisfied, released, void, voidable, or ineffective any claim or instrument unsupported by admissible evidence or governing law.

F. Order a complete equitable accounting.

G. Order preservation of all relevant documents and electronically stored information.

H. Determine all redemption rights.

I. Grant declaratory relief.

J. Grant appropriate relief under 28 U.S.C. § 2409a, 28 U.S.C. § 2410, 28 U.S.C. § 2201, or other applicable authority.

K. Enter temporary, preliminary, and permanent equitable relief as authorized by law and supported by the evidence.

L. Award taxable costs to the extent permitted by law.

M. DETERMINATION AND DISCLOSURE OF ANY CLAIMED UNITED STATES INTEREST.

Pursuant to 28 U.S.C. § 2409a and the Court's authority to adjudicate the rights and interests of the parties in the Subject Estate and the Estate's associated real property, Petitioners respectfully request that the Court require the **UNITED STATES OF AMERICA**, if it claims any right, title, interest, lien, security interest, or other legally cognizable interest in the Subject Estate or the Estate's associated real property, to identify and state with particularity the nature, source, extent, and legal basis of such claimed interest, including the specific statute, regulation, instrument, transaction, recorded document, governmental action, or other authority upon which the United States relies.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Petitioners further request that the Court require the United States to **confirm and formally state its claimed interest**, if any, in the Subject Estate and the Estate's associated real property, including whether the United States claims any right, title, lien, security interest, reversionary interest, trust interest, statutory interest, regulatory interest, or other interest therein.

Alternatively, and to the extent the United States does not claim any such interest, Petitioners request that the United States be required to **disclaim such interest in accordance with 28 U.S.C. § 2409a(e)** and that such disclaimer be made part of the record in this action.

Petitioners further request that, if the United States asserts an interest, the Court determine the **existence, nature, validity, priority, extent, and enforceability** of that claimed interest and determine whether such interest affects Petitioners' title to, possession of, or other rights in the Subject Estate and the Estate's associated real property.

Petitioners further request that, with respect to the Subject Estate and the Estate's associated real property, no department, agency, officer, employee, agent, or other person acting on behalf of the UNITED STATES OF AMERICA be permitted to assert or enforce any federal right, title, lien, security interest, or other legally cognizable federal interest that was not disclosed and adjudicated in this action, or any such interest inconsistent with the Court's final determination concerning the existence, nature, validity, priority, extent, or enforceability of the United States' claimed interest in the Subject Estate or the Estate's associated real property.

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

**N.** Grant such other and further relief as the Court deems just and proper.

XVIII. Reservation of Rights

Petitioners reserve the right to amend this Petition, add or dismiss parties, supplement

factual allegations, assert additional claims or defenses permitted by law, seek further

equitable relief, and modify requested relief in response to the Court's rulings or evidence

developed in this action.

**VERIFIED DECLARATION**

(28 U.S.C. § 1746)

I, Adebayo Adeyemi, declare under penalty of perjury under the laws of the United States

of America that the foregoing statements are true and correct to the best of my

knowledge, information, and belief.

Respectfully tendered this 12th day of August, 2026 CE,

By: Bqs Adebayo Adeyemi

Baltimore, Maryland [21234-2150]

Ph: (410) 921-8273

9613 Harford Road Suite C PMB 1172

Baltimore, Maryland [21234-2150]

Notice #62022180-1044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

CERTIFICATE OF SERVICE

A copy of the foregoing filing was mailed via Certified Mail with return receipt requested to the following parties:U.S. Department of Justice
Justice Management Division

ATTN: Jolene Ann Lauria, Assistant Attorney General for Administration

950 Pennsylvania Avenue, NW, Room 1111

Washington, DC 20530
(2)
Office of the Attorney General
200 Saint Paul Place

Baltimore, Maryland 21202-2021

Notice #62022180-1044



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

<u>District of Maryland</u>
<u>400 North Washington Street Suite 700</u>

<u>Baltimore, Maryland 21231</u>
<u>c/o CT CORPORATION SYSTEM, Registered Agent</u>
<u>4400 EASTON COMMONS WAY, SUITE 125</u>
<u>COLUMBUS OH 43219</u>

<u>By:</u> By: Adebayo Adeyemi

<u>Baltimore, Maryland  [21234-2150]</u>
<u>Ph: (410) 921-8273</u>
<u>Date: August 12, 2026.</u>